IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

LEISA L. STURGEON,

    Plaintiff,

v.                                            CIVIL ACTION NO. 3:06-0698

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

      In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

      Plaintiff filed her application on May 24, 2004, alleging disability as a consequence of "nerves and arthritis." On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

      At the time of the administrative decision, plaintiff was forty-four years of age and had obtained a 9th grade education. Her past relevant employment experience consisted of work as a cashier and nurse's aide. In his decision, the administrative law judge determined that plaintiff

suffers from "arthritis and anxiety," which he concluded were not severe. On the basis of this finding, he found plaintiff not disabled.

An impairment is considered "not severe" under the regulations "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities," i.e., does not significantly affect either ability or aptitude "necessary to do most jobs," including understanding, carrying out and remembering simple instructions, using judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting.[1] If the Commissioner determines from the evidence that a claimant's impairments are not severe, he will find her "not disabled."[2] Decisions in this circuit have interpreted the regulations as contemplating a finding of nonseverity only if the impairment "is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Reichenbach v. Heckler, 808 F.2d 309, 311 (4th Cir. 1985). Based on the regulations and decisions interpreting them, the Court concludes from its review of the record that the Commissioner's finding that plaintiff's impairments are not severe is not supported by substantial evidence.

Plaintiff alleges difficulty with anxiety and depression related to being raped when she was a child. Although she reported receiving therapy and medication from the Prestera Center for a few months in 1994 or 1995, plaintiff stated she had to discontinue it because her husband complained about the cost of gas to drive her to the appointments. It has been suggested in the record that plaintiff cannot afford additional treatment from a mental health professional.

---

[1] 20 C.F.R. § 416.921(b)(3-6).

[2] 20 C.F.R. § 416.920(a)(4)(ii).

The Commissioner apparently had plaintiff evaluated twice, and both exams were done in August 2004. Catherine V. Sayre, MA, a psychologist at Prestera, examined plaintiff on August 10, 2004, observing an anxious mood, poor judgment, moderate impairment of recent and remote memory, and mild impairment of social functioning during the evaluation. Her diagnosis was post traumatic stress disorder.

Penny Perdue, MA and Rachel Arthur, MA, evaluated plaintiff on August 4, 2004. They reported observing an anxious mood with congruent affect, mildly deficient judgment and preoccupation with her history of sexual abuse. Ms. Sayre also observed plaintiff had an obsessive quality to her thoughts about her abuse and that these thoughts were unwanted, and she had difficulty getting rid of them. Ms. Perdue and Ms. Arthur diagnosed major depressive disorder, single episode, and post traumatic stress disorder and provided medical source statements on September 3 and December 10, 2004. In the earlier statement, they indicated that adaptation to change and interaction in the community "would likely be fair to poor." In the more recent statement they noted plaintiff's social anxiety would likely interfere with memory and concentration in a work setting outside of her comfort zone, which they suggested was her home.

The only other reports are from Dr. David Revell, who followed plaintiff from July 19 to September 27, 2005 for chronic nervous problems which he characterized as "mixed anxiety/dysthymic symptoms and somatic symptoms (joint pain/skin sensitivity/insomnia)." On July 19, he observed plaintiff related appropriately but was "chronically dysthymic" and started her on Cymbalta,[3] which made plaintiff feel better. Dr. Revell observed she was "calmer, not as dysthymic." On exam on September 6, 2005, Dr. Revell described plaintiff's mental state as "stable"

---

[3]This medication is indicated for the treatment of major depressive disorder and generalized anxiety disorder. Physician's Desk Reference, 63rd Ed. 1801 (2009).

3

but observed she was "still fidgety/nervous" and added the medication Wellbutrin[4] which plaintiff reported was of no help. Mental status exam was again stable, and no changes to medication were made. While follow-up was anticipated, this is the most recent report from this source in the record.

The administrative law judge, in assessing the evidence and the severity of plaintiff's impairments, did not mention the comments from Ms. Perdue and Ms. Arthur in his analysis and therefore did not consider the conflict that they create with his own findings. The resolution of conflicts in the evidence is, of course, a function of the Commissioner, not the courts. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). Before this Court can conduct a reasoned review of his decision, however, the Commissioner must "consider all relevant evidence" indicating "explicitly that such evidence has been weighed ... its weight"[5] and articulate "the reasons underlying his actions ... ." Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987). This he has failed to do, and as a consequence remand is necessary for a re-evaluation of the severity of plaintiff's mental impairments.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: June 30, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4]This medication is also indicated for the treatment of major depressive disorder. Id. at 1649.

[5]Arnold v. Secretary of Health, Education and Welfare, 567 F.2d 258, 259 (4th Cir. 1977).